Allen Landerman, P.C.
Allen Landerman
Texas Bar No. 11863400
16801 Edison Rd., Suite 125
Addison, TX 75001
469-287-7211
888-868-3979 (facsimile)
allen@landermanlaw.com
COUNSEL FOR PLAINTIFF

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BURT LEE BURNETT, | § | Case No. 17-42678-rfn7 |
| | § | (Chapter 7) |
| DEBTOR, | § | |
| | § | |
| TERRY DALEY, | § | |
| | § | |
| PLAINTIFF, | § | ADV. NO. _____ |
| | § | |
| V. | § | |
| | § | |
| BURT LEE BURNETT, | § | |
| | § | |
| DEFENDANT. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT OBJECTING TO
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523
AND CLAIMS PURSUANT TO STATE LAW

TERRY DALEY (the "Plaintiff"), hereby files this Plaintiff's Original Complaint Objecting to Dischargeability of Debt under 11 U.S.C. § 523 and Claims Pursuant to State Law (the "Complaint") against BURT LEE BURNETT ("Defendant" or "Debtor"). In support thereof, the Plaintiff respectfully states to the Court as follows:

PARTIES

I. Plaintiff is an individual residing in Temple, Texas.

2. Debtor and Defendant, BURT LEE BURNETT, is an individual who resides Abilene, Texas. He may be served by him a summons pursuant to the Bankruptcy Rules and Federal Rules of Civil Procedure.

JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157(b) and 11 U.S.C. §§ 523 and 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J). Venue is proper Northern District of Texas, Fort Worth Division, under 28 U.S.C. § 1409.

FACTUAL BACKGROUND

A. Debtor's Bankruptcy Filing.

4. On September 7, 2017, Defendant's Chapter 11 case was converted to a Chapter 7 petition (the "Petition"). Plaintiff is a creditor in Debtor's bankruptcy case and has filed a proof of claim.

B. Facts

6. Plaintiff is a chiropractor and at all times relevant to this Complaint his practice was located in Abilene, Texas. In 2013 Plaintiff became acquainted with Defendant. Plaintiff was seeking to expand his practice into treating patients who had been injured in car accidents or other types of accidents and were seeking relief through personal injury claims. Plaintiff agreed to begin treating Defendant's personal injury clients. When Plaintiff would receive a new patient that was Debtor's client, he would send Defendant a Letter of Protection to secure payment for that patient's treatment. Plaintiff expected that, got as each patient's case was settled by Defendant, the settlement proceeds would go into Defendant's IOLTA trust account and Plaintiff would receive a check drawn upon that IOLTA trust account to pay for that particular patient's treatment. These expectations were

reinforced by Defendant's repeated reassurances to Plaintiff that as the settlement funds were collected, Plaintiff would receive payment for that patient's treatment out of Defendant's IOLTA trust account. This arrangement continued through 2016. At some point, during 2014, Plaintiff's receipt of checks to pay for patients who had completed treatment began to slow down. Plaintiff would ask Defendant what progress was being made for each particular patient and Defendant would tell Plaintiff that the case had not been settled as yet. Plaintiff had no reason to doubt Defendant and relied on these assurances and Treating Defendant's clients. In 2017 Plaintiff learned that Defendant had lied to Plaintiff about the status of the cases and, in fact, Defendant had settled those cases and used the settlement funds for his own personal needs.

7. The Defendant intended to defraud Plaintiff.

8. The Defendant fraudulently and wrongfully used trust funds belonging to Plaintiff with the intent to convert it for Defendant's use and with intent to permanently deprive the Plaintiff of those funds. These funds were held in trust for Plaintiff and misappropriated by Defendant.

Fraud or Defalcation While Acting in a Fiduciary Capacity

9. The relationship between Plaintiff and Defendant, as an attorney, was a fiduciary relationship for two reasons; the Letter of Protection signed by Defendant or his associate acting on Defendant's behalf created a lien on the settlement funds received by Defendant for the settlement of each client's case, and, the relationship between Plaintiff and Defendant was necessarily a fiduciary one involving the confidential doctor and-patient relationship and the confidential attorney-client relationship governed also by HIPPA rules. Defendant has also misappropriated trust funds.

OBJECTION TO DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2) and (a)(4)

10. The debt owed to the Plaintiff arises through fraud, larceny or conversion, or defalcation (as discussed in Paragraph six through nine above).

11. Plaintiff has been damaged by Defendant's conversion, misappropriation, and/or embezzlement of the funds to Plaintiff. In addition, Plaintiff has been damaged by Defendant's fraud or defalcation while acting in a fiduciary capacity. Therefore, Plaintiff is entitled to a determination that its claim against Defendant is non-dischargeable under 11 U.S.C. § 523(a)(2) and (a)(4).

OBJECTION TO DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

12. Plaintiff realleges the factual allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

13. Defendant willfully and maliciously injured Plaintiff, or the property of Plaintiff by, including without limitation, converting funds owed to Plaintiff to his own use. Therefore, Plaintiff is entitled to a determination that its claim against Defendant is non-dischargeable under 11 U.S.C. § 523(a)(6).

14. The total debt, based upon the facts set forth above, but not including attorneys fees, exemplary damages or prejudgment interest, owed to Plaintiff by Debtor and objected to being discharged is $299,184.78.

CLAIMS PURSUANT TO STATE LAW

15. <u>Breach of Contract</u>. Plaintiff realleges the facts set forth in Paragraphs 6 through 9 above, the same as fully set forth at length. Plaintiff would show that the letters of protection provided by Debtor constituted a contract between Plaintiff and Debtor. Debtor's failure to pay Plaintiff as insurance proceeds were received when Debtor settled each case that Plaintiff provided treatment to Debtor's client constituted a breach of contract. As a result, Plaintiff has been damaged in the

amount of $299,184.78.

17. <u>Conversion</u>.   Plaintiff realleges the facts set forth in Paragraphs 6 through 9 above, the same as fully set forth at length. Plaintiff would show that Debtor's use of the settlement funds owed to Plaintiff for his personal needs, without Plaintiff's authorization, constituted conversion. As a result of Debtor's acts of conversion, Plaintiff has been damaged in the amount of $299,184.78.

18. <u>Fraud</u>.  Plaintiff realleges the facts set forth in Paragraphs 6 through 9 above, the same as fully set forth at length. Plaintiff would show that the issuance of a letter of protection to cover the costs of treatment for each of Debtor's clients treated by Plaintiff constituted a misrepresentation in that Debtor knew or never intended that insurance proceeds received for each client's case would be used for Debtor's personal needs rather than pay to Plaintiff to cover the costs of treatment for that particular client. Plaintiff would show that he will wide on each letter of protection in his decision to treat that particular client of Debtor. As a result, Plaintiff has been damaged in the amount of $299,184.78.

19. <u>Breach of Fiduciary Relationship</u>.   Plaintiff realleges the facts set forth in Paragraphs 6 through 9 above, the same as fully set forth at length. Plaintiff would show that a fiduciary relationship existed between Plaintiff and Debtor. Plaintiff would show that Debtor's failure to pay insurance proceeds owed to Plaintiff after being placed and Debtor's trust account constituted a breach of Debtor's fiduciary duty to Plaintiff. As a result, Plaintiff has been damaged in the amount of $299,184.78.

20. <u>Exemplary Damages</u>  plaintiff would show that Debtor's misapplication of the trust funds and failure to pay insurance proceeds under the causes of action set forth in Paragraphs 17, 18, and 19, above, were intentional and malicious and satisfies the requirements for the award of exemplary

damages as set forth in Chapter 41 of the Texas Civil Practices and Remedies Code. Plaintiff should be awarded exemplary damages of not less than $100,000.00.

WHEREFORE, TERRY DALEY prays that, upon final trial upon this matter, this Court enter the following judgment against BURT LEE BURNETT:

a. Denying BURT LEE BURNETT' discharge as to the obligations owing to TERRY DALEY, as set forth herein under section 523 of the Bankruptcy Code;

b. That the Plaintiff be granted a judgment against BURT LEE BURNETT for actual damages including but not limited to at least $299,184.78, pre-judgment interest at the highest rate allowed by law, post-judgment interest at the highest rate allowed by law, reasonable attorneys' fees, costs of court, exemplary damages as allowed by law, punitive damages as allowed by law; and

c. Such other and further relief as the Court deems just and proper.

Dated April 16, 2018

                                                   Respectfully submitted,
                                                   Allen Landerman, P.C.

                                                   /s/ Allen Landerman
                                                   Allen Landerman
                                                   State Bar of Texas #11863400
                                                   6211 W. Northwest Hwy., Suite C253C&D
                                                   Dallas, TX 75225
                                                   469-287-7211
                                                   888-868-3979 (facsimile)
                                                   Allen@alpclaw.com (E-mail)
                                                   COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true copy of the above and foregoing document is being served upon all counsel of record through ECF, in compliance with the Fed. R. Bankr. P. 7004(g) including the Debtor's counsel:

Areya Holder, Holder Law, 800 W. Airport Freeway, Suite 800, Irving, TX 75062

Signed April 16, 2018.

/s/ Allen Landerman
Allen Landerman